## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

VANTIVA USA LLC,

        Plaintiff,

    v.

MALIKIE INNOVATIONS LTD.,
AND KEY PATENT INNOVATIONS
LTD.,

        Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff Vantiva USA LLC ("Vantiva USA" or "Plaintiff") as and for its

Complaint against Defendants Malikie Innovations Ltd. and Key Patent

Innovations Ltd. (collectively, "Malikie") alleges as follows:

## NATURE OF THE ACTION

1.    This is a lawsuit for declaratory judgment arising out of a licensing

and patent infringement dispute between Malikie and Plaintiff. Malikie has

accused Vantiva SA, Vantiva USA's France-based ultimate parent company, of

infringing U.S. Patent Nos. 8,099,646 (the "'646 patent"); 8,291,289 (the "'289

patent"); 9,313,065 (the "'065 patent"); and 7,529,305 (the "'305 patent,"

collectively "Asserted Patents") in the Eastern District of Texas. The products that

Malikie accuses of infringing, however, are imported, offered for sale, and sold in

the United States by Vantiva USA, not Vantiva SA.  Plaintiff denies liability with respect to each of the Asserted Patents.

2.    Malikie has also asserted, in correspondence with Vantiva SA, that Vantiva SA infringes other United States patents in Malikie's portfolio and that Vantiva SA must take a license to those patents.  Malikie further asserts that many of its patents are essential to technological standards, such as the Institute of Electrical and Electronics Engineers' ("IEEE") 802.11 standard for WiFi.  Because some of Malikie's allegations of infringement rely on the patents being essential to the IEEE 802.11 WiFi standard, Malikie was required to provide a license offer to Vantiva on fair, reasonable, and non-discriminatory ("FRAND") terms.  It failed to do so.  Instead, its license offer far exceeded commercially reasonable, market rates for such a license.  As a result, there is an actual controversy between the parties that requires the Court's intervention.

## THE PARTIES

3.    Plaintiff Vantiva USA LLC is a Delaware corporation with its principal place of business at 4855 Peachtree Industrial Blvd., Suite 200, Norcross, Georgia.

4.    Defendant Malikie Innovations Ltd. is an Irish entity organized and existing under the laws of Ireland.  Malikie has offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

5.      Key Patent Innovations Ltd. is an Irish entity organized and existing under the laws of Ireland.  Key Patent Innovations Ltd. has offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

## STATEMENT OF FACTS

6.      Vantiva USA is an indirect subsidiary of Vantiva SA and sells a variety of products and solutions relating to networking and telecommunications. Vantiva USA is responsible for Vantiva's U.S. operations.  Vantiva USA designs, offers to sell, and sells the products at issue in this case in the United States.

7.      Vantiva USA generally markets and sells networking products that are sold by companies providing cable and internet services.  Vantiva USA's products include wireless networking equipment, cable boxes, modems, and the like. Vantiva USA enters into agreements with service providers for the sale of its products.  The orders for these products are placed with Vantiva USA.

8.      Vantiva SA is a French holding company.  Vantiva SA is the indirect parent company of Vantiva USA.  It is based in Paris, France, and does not make, sell, offer to sell, or import products into the U.S.

9.      In January 2024, Vantiva SA acquired the Home Networks Business of CommScope, Inc.  The U.S.-based aspects of that business are currently run by Vantiva USA.

10.    Defendant Key Patent Innovations Ltd. is an intellectual property monetization company who "partners with leading technology companies to realize the potential of their patent assets." *See* https://www.keypatentinnovations.ie/company-overview. Defendant Malikie Innovations Ltd. is a subsidiary of Key Patent Innovations and is listed as part of "Our Portfolio" on Key Patent Innovations' website.

11.    On or about March 21, 2023, Malikie announced that it had entered into an agreement with BlackBerry Ltd. under which Malikie would acquire substantially all of BlackBerry's non-core patents and patent applications for a combination of $170 million in cash at closing, an additional $30 million in cash by the third anniversary of closing the deal, plus a share of future licensing profits. The transaction included approximately 32,000 patents and applications relating primarily to mobile devices, messaging, and wireless networking. The transaction excluded patents and applications necessary to support BlackBerry's core business operations, as well as approximately 120 monetizable non-core patent families relating to mobile devices. This represented approximately 2,000 patents and applications that were allegedly essential to certain telecommunications standards. BlackBerry and Malikie announced that the sale was completed in May 2023.

-4-

12.    Since closing the transaction, Malikie has contacted a number of companies, alleging that those companies' products infringe patents owned by Malikie, and that a license to those patents is required.

13.    On February 20, 2024, Malikie sent a letter addressed to Olga Damiron, Corporate General Counsel of Vantiva SA.  Malikie's letter noted the BlackBerry patent portfolio that it had recently acquired and asserted that some of those patents were essential to the IEEE's 802.11 wireless standards.  Malikie provided a list of patents that it asserted were essential to the 802.11 wireless standards, and a list of patents it contended were infringed by products that are offered for sale and sold by Vantiva USA in the U.S.  Malikie asserted that Vantiva needed a license to these patents.

14.    On March 15, 2024, Malikie sent another letter to Ms. Damiron, following up on the prior letter.

15.    On June 10, 2024, Malikie sent another letter to Ms. Damiron. Malikie reiterated its prior assertions of infringement regarding patents that were essential to the 802.11 wireless standards and identified an additional five patents that it alleged were infringed by set top boxes and wi-fi extenders that are offered for sale and sold by Vantiva USA in the United States.

16.    On September 5, 2024, Malikie sent another letter to Ms. Damiron, copying Karen Leisten, who was, at the time, Vantiva SA's Global General

Counsel, IP and Technology. Malikie again reiterated its assertions of infringement and purported to offer a license to Vantiva for its standard essential patents for 802.11 for $0.16 per device, and for its standard essential patents for the WiFi alliance for $0.08 per device. These amounts were additive, meaning that a device that practiced both 802.11 wireless standards and WiFi alliance standards would bear a royalty of $0.24 to Malikie.

17.    On February 10, 2025, Malikie filed suit against Vantiva SA in the Eastern District of Texas, alleging infringement of the four Asserted Patents. Malikie has alleged that each of these patents was essential to the 802.11 series of standards.

## MALIKIE'S FRAND OBLIGATIONS

18.    The IEEE is the world's largest technical professional organization that spans many different engineering disciplines, including telecommunications. As part of its mission, the IEEE and its members develop and publish a variety of engineering and industrial standards, including on telecommunications and wireless communications.

19.    The IEEE Standards Association (SA) is a section within the IEEE that develops engineering and industrial standards targeted to specific industries to ensure that devices from different implementers are interoperable and able to communicate with one another. This includes, among many other

telecommunications standards, the IEEE 802.11x series of standards, commonly referred to as WiFi. The IEEE 802.11 standards describe a set of media access control (MAC) and physical layer (PHY) specifications for implementing Wi-Fi in consumer and other devices.

20.    A number of companies in the telecommunications industry have participated in standards-setting processes for the IEEE, which includes activities such as developing and presenting contributions to be included in a potential standard and participating in committees that discuss and vote on the content of the standards. Some of these contributions may be subject to one or more companies' intellectual property rights, including patents.

21.    The IEEE-SA has Intellectual Property Rights ("IPR") policies that govern the rights and obligations of the participants in the standard-setting process. Specifically, participants are required to disclose intellectual property rights they may have in the standards, and to disclose whether they may have standard-essential patents and patent applications for specific IEEE standards, such as 802.11. The IEEE also requires participants to state whether they will commit to granting intellectual property licenses to implementers of the standard by submitting a Letter of Assurance. A Letter of Assurance is required to state that the patentee will not enforce its standard essential patent claims against implementers of the standard, or that it will provide licenses to an unlimited

number of licensees, worldwide, without discrimination and at reasonable rates. The latter is frequently referred to as a license on fair, reasonable, and non-discriminatory ("FRAND") terms.

22.     BlackBerry, the prior owner of Malikie's allegedly standard-essential patents, was a participant in the development of 802.11 standards at the IEEE. BlackBerry submitted a number of Letters of Assurance noting that its patents could include standard-essential claims for a number of 802.11 series standards. BlackBerry's Letters of Assurance stated that it was willing to grant licenses to patents, including standard-essential claims, on FRAND terms.

23.     In October 2019, BlackBerry contacted CommScope regarding alleged infringement of a number of its patents, including both its standard-essential patents for 802.11 and the Asserted Patents.    BlackBerry and CommScope entered into a cross-license in 2021 covering all of BlackBerry's patent portfolio, including the Asserted Patents and BlackBerry's standard-essential patents.

24.     The Asserted Patents and Malikie's allegedly standard-essential patents have been licensed at significantly lower rates than those offered by Malikie.  Malikie's proposed rates are in excess of market rates for licenses and in excess of what an implementer would expect to pay for similar patents.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because the claims in this Complaint are based on Plaintiff's non-infringement and invalidity of the Asserted Patents. Subject matter jurisdiction lies over Plaintiff's breach of FRAND obligation claim under 28 U.S.C. § 1367, as it is a claim that is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

26.    This Court may properly exercise personal jurisdiction over Malikie for the reasons stated herein, including, *inter alia*, Malikie's activities in the forum, activities directed at the forum, and substantial contacts with the forum. The exercise of personal jurisdiction over Malikie does not offend traditional notions of fair play and substantial justice.

27.    For example, Malikie has sent correspondence alleging infringement of the Asserted Patents by products sold, offered for sale, and designed by Vantiva USA, a resident of this District. Malikie has also brought claims alleging infringement of the Asserted Patents by products that are designed, sold, and offered for sale by Vantiva USA in this District. Moreover, Malikie has an obligation to provide a license on FRAND terms to Vantiva USA, and Malikie has breached that obligation, causing harm to Vantiva USA in this District. Therefore, Malikie has established substantial contacts with this jurisdiction.

28.     Additionally, the Court may exercise jurisdiction under Fed. R. Civ. P. 4(k)(2).  The claims alleged herein arises under the federal patent laws, and Malikie has sufficient contacts with the United States.

29.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) including because, *inter alia*, Malikie and Key Patents are foreign entities, and thus are subject to suit in any jurisdiction in the United States including in this Judicial District.  28 U.S.C. § 1391(c)(3).

## COUNT 1:

## BREACH OF FRAND OBLIGATION

30.     Plaintiff repeats and realleges all of the allegations in all of the paragraphs above as though fully set forth herein.

31.     BlackBerry, Malikie's predecessor-in-interest in the Asserted Patents and BlackBerry's standard essential patents, entered into an express or implied contractual commitment with the IEEE and its members, affiliates, adopters, and implementers relating to the 802.11 standards.  BlackBerry's Letters of Assurance to the IEEE constitute irrevocable undertakings to permit use of its allegedly standard-essential patents by implementers like Vantiva USA on FRAND terms.

32.     Malikie, as BlackBerry's successor-in-interest in the Asserted Patents and BlackBerry's standard essential patents, is subject to the same express or implied contractual commitment undertaken by BlackBerry with the IEEE.

33.    Each third party implementing the 802.11 wireless technology is an intended third-party beneficiary of those contracts.    Specifically, BlackBerry's undertakings with the IEEE create binding and enforceable obligations that Plaintiff is entitled to enforce as a third-party beneficiary.

34.    As a result of these undertakings, Malikie is contractually obligated to, among other things, grant licenses to all of its patents that are allegedly essential to the 802.11 standards consistent with the patent policies of the IEEE. Specifically, Malikie is obligated to grant licenses to any implementer of the 802.11 standards on FRAND terms.

35.    Malikie breached its obligations by failing to offer a license to Plaintiff on FRAND terms and by seeking a permanent injunction with respect to the '646 and '289 patents.    In doing so, Malikie has further violated the implied covenant of good faith and fair dealing that adheres to every contract.

36.    Malikie breached these contracts by filing a patent infringement action seeking to enjoin Plaintiff's implementation of the allegedly "essential" '646 and '289 patents and to exclude Plaintiff from, among other things, importing or selling products that implement 802.11 wireless technology.

37.    As a result of Malikie's breach of contract, Plaintiff has been injured in its business or property and is threatened by imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

## COUNT 2:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 9,313,065

38.     Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

39.     Malikie purports to be the owner by assignment of the '065 patent, issued on April 12, 2016 to Zhu, et al., and which is entitled "Scattered pilot pattern and channel estimation method for MIMO-OFDM systems."  The '065 patent is now expired.  A true and accurate copy of the '065 patent is attached as **Exhibit 1** and is incorporated by reference herein.

40.     As a non-limiting example, all independent claims of the '065 patent include a limitation requiring transmitting pilot symbols through a first antenna and a second antenna, wherein the pilot symbols for the first antenna correspond to a "first code" and the pilot symbols for the second antenna correspond to a "second code."  *See* '065 patent, claims 1, 9, 17, 25, 31.  None of Plaintiff's products have a "first code" corresponding to pilot symbols for a first antenna or a "second code" corresponding to pilot symbols for a second antenna, as recited in these independent claims of the '065 patent.

41.     Therefore, Plaintiff has not infringed and does not infringe any independent claim of the '065 patent.  Because Plaintiff has not infringed and does

not infringe any of the independent claims of the '065 patent, it therefore does not infringe any of the dependent claims of the '065 patent.

42.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding infringement of the '065 patent.

43.    A judicial determination and declaration that Plaintiff has not infringed and does not infringe any claim of the '065 patent is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '065 patent.

## COUNT 3:

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,313,065

44.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

45.    All claims of the '065 patent are invalid under at least 35 U.S.C. § 103 because they recite nothing that would have been nonobvious to a person of ordinary skill given the state of the prior art as of October 17, 2001, including but not limited to: Van Nee & Presad, *OFDM For Wireless Multimedia Communications*, Artech House (2000); Li, *Pilot-Symbol-Aided Channel Estimation for OFDM in Wireless Systems*, IEEE (2000).

46.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding the validity of the '065 patent.

47.    A judicial determination and declaration that the claims of the '065 patent are invalid and void because each claim fails to comply with one or more of the conditions and requirements of the federal patent laws, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '065 patent.

### COUNT 4:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,529,305

48.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

49.    Malikie purports to be the owner by assignment of the '305 patent, issued on May 5, 2009 to Tong, et al., and which is entitled "Combination of space-time coding and spatial multiplexing, and the use of orthogonal transformation in space-time coding." The '305 patent is now expired. A true and accurate copy of the '305 patent is attached as **Exhibit 2** and is incorporated by reference herein.

50.    As a non-limiting example, all independent claims of the '305 patent include a limitation that require transmitting a plurality M of symbol substreams on a plurality M of transmit antennas, "such that for each symbol of each input set of M symbols, the M space-time coded symbols that contain a representation of the

symbol are transmitted at different times."  *See* '305 patent, claims 1, 8.  None of Plaintiff's products comprise a plurality M of transmit antennas transmitting a plurality M of symbol substreams containing the "representation of the symbol" as recited in the independent claims of the '305 patent.

51.    Therefore, Plaintiff has not infringed and does not infringe any independent claim of the '305 patent.  Because Plaintiff has not infringed and does not infringe any of the independent claims of the '305 patent, it therefore does not infringe any of the dependent claims of the '305 patent.

52.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding infringement of the '305 patent.

53.    A judicial determination and declaration that Plaintiff has not infringed and does not infringe any claim of the '305 patent is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '305 patent.

## COUNT 5:

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,529,305

54.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

55.    All claims of the '305 patent are invalid under at least 35 U.S.C. § 103 because they recite nothing that would have been nonobvious to a person of

ordinary skill given the state of the prior art as of October 27, 2000, including but not limited to: U.S. Patent No. 9,144,074; Foschini, *Layered space-time architecture for wireless communication in a fading environment when using multi-element antennas*, IEEE (1996); Wolniansky, *V-BLAST: An Architecture for Realizing Very High Data Rates Over the Rich-Scattering Wireless Channel*, IEEE (1998).

56.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding the validity of the '305 patent.

57.    A judicial determination and declaration that the claims of the '305 patent are invalid and void because each claim fails to comply with one or more of the conditions and requirements of the federal patent laws, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '305 patent.

## COUNT 6:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 8,099,646

58.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

59.    Malikie purports to be the owner by assignment of the '646 patent, issued on January 17, 2012 to Livshitz, and which is entitled "Low Density Parity

Check (LDPC) Code." A true and accurate copy of the '646 patent is attached as **Exhibit 3** and is incorporated by reference herein.

60. As a non-limiting example, several independent claims of the '646 patent include a limitation requiring "applying the following expanded parity check matrix to the encoded data to generate decoded data:" followed by a specific expanded low density parity check code matrix. *See* '646 patent, claims 1–11. As specified in the 2020 IEEE 802.11 Wi-Fi Standards, this specific low density parity check code matrix is for codewords with block lengths of 1944 bits and a coding rate of 2/3. The 2020 802.11 Wi-Fi Standards do not specifically require devices to be compatible with each low density parity check parameter. Plaintiff's products are not required to use codewords with block lengths of 1944 bits at a coding rate of 2/3.

61. Therefore, Plaintiff has not infringed and does not infringe any independent claim of the '646 patent. Because Plaintiff has not infringed and does not infringe any of the independent claims of the '646 patent, it therefore does not infringe any of the dependent claims of the '646 patent.

62. An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding infringement of the '646 patent.

63. A judicial determination and declaration that Plaintiff has not infringed and does not infringe any claim of the '646 patent is necessary and

appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '646 patent.

## COUNT 7:

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,099,646

64.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

65.    All claims of the '646 patent are invalid under at least 35 U.S.C. § 103 because they recite nothing that would have been nonobvious to a person of ordinary skill given the state of the prior art as of March 30, 2006, including but not limited to: U.S. Patent Pub. No. 2004/0123229 to Kim et al., U.S. Patent Application Pub. No. 2003/0229843 to Yu et al.

66.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding the validity of the '646 patent.

67.    A judicial determination and declaration that the claims of the '646 patent are invalid and void because each claim fails to comply with one or more of the conditions and requirements of the federal patent laws, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '646 patent.

## COUNT 8:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,291,289

68.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

69.    Malikie purports to be the owner by assignment of the '289 patent, issued on October 16, 2012 to Livshitz, and which is entitled "Low Density Parity Check (LDPC) Code."  A true and accurate copy of the '289 patent is attached as **Exhibit 4** and is incorporated by reference herein.

70.    As a non-limiting example, several independent claims of the '289 patent include limitations requiring either applying or an encoder operable to apply "the following expanded parity check matrix to the encoded data to generate decoded data:" followed by a specific expanded low density parity check code matrix.  *See* '289 patent, claims 1–14.  As specified in the 2020 IEEE 802.11 Wi-Fi Standards, this specific low density parity check code matrix is for codewords with block lengths of 1944 bits and a coding rate of 2/3.  The 2020 802.11 Wi-Fi Standards do not specifically require devices to be compatible with each low density parity check parameter.   Plaintiff's products are not required to use codewords with block lengths of 1944 bits at a coding rate of 2/3.

71.    Therefore, Plaintiff has not infringed and does not infringe any independent claim of the '289 patent. Because Plaintiff has not infringed and does

not infringe any of the independent claims of the '289 patent, it therefore does not infringe any of the dependent claims of the '289 patent.

72.    An actual and justiciable controversy has arisen and exists between Plaintiff and Malikie regarding infringement of the '289 patent.

73.    A judicial determination and declaration that Plaintiff has not infringed and does not infringe any claim of the '289 patent is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '289 patent.

## COUNT 9:

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,291,289

74.    Plaintiff repeats and realleges all of the allegations in paragraphs 1-29 above as though fully set forth herein.

75.    All claims of the '289 patent are invalid under at least 35 U.S.C. § 103 because they recite nothing that would have been nonobvious to a person of ordinary skill given the state of the prior art as of March 30, 2006, including but not limited to: U.S. Patent Pub. No. 2004/0123229 to Kim et al., U.S. Patent Application Pub. No. 2003/0229843 to Yu et al.

76.    An actual and justiciable controversy has arisen and exists between Plaintiffs and Malikie regarding the validity of the '289 patent.

77.    A judicial determination and declaration that the claims of the '289 patent are invalid and void because each claim fails to comply with one or more of the conditions and requirements of the federal patent laws, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '289 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against defendants Malikie and Key Patent Innovations as follows:

(a)    Enter judgment decreeing that Plaintiff is entitled to license any and all patents that fall within Defendants' and their predecessors' commitments to the IEEE in relation to 802.11-related technology, on a fair, reasonable, and non-discriminatory basis;

(b)    Enter judgment that Defendants have breached their contractual obligation to offer a license to Vantiva USA on fair, reasonable, and non-discriminatory terms;

(c)    Enter judgment declaring that Plaintiff does not infringe any claim of the Asserted Patents directly or indirectly, and that therefore neither Plaintiff nor its subsidiaries or affiliates are obligated to pay

Defendants any licensing revenue or other damages in connection with such

patents;

       (d)     Enter judgment declaring that each of the Asserted

Patents and their claims are invalid;

       (e)     Enter judgment against Defendants for the amount of

damages proven at trial;

       (f)     Award Plaintiff costs and attorneys' fees under 35 U.S.C.

§ 285 and/or any other applicable rule; and

       (g)     Award Plaintiff such other and further relief as this Court

deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

Dated:  June 27, 2025

*/s/  Troy R. Covington*
Troy R. Covington
Georgia Bar No. 190949
tcovington@bloom-law.com
BLOOM PARHAM, LLP
977 Ponce de Leon Ave., NE
Atlanta, Georgia 30306
Telephone: (404) 577-7710

Brett M. Schuman
(*pro hac vice* to be filed)
bschuman@goodwinlaw.com
Rachel Walsh
(*pro hac vice* to be filed)
rwalsh@goodwinlaw.com
GOODWIN PROCTER LLP
525 Market Street, 32nd Floor
San Francisco, California 94105
Telephone: (415) 733-6000

Lana S. Shiferman
*(pro hac vice* to be filed)
lshiferman@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 801-8828

*Counsel for Plaintiff*

## **Local Rule 7.1(D) Certificate of Compliance**

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 27th day of June, 2025.

/s/  *Troy R. Covington*
Troy R. Covington
Georgia Bar No. 190949