# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| VANTIVA USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MALIKIE INNOVATIONS, LTD. AND KEY PATENT INNOVATIONS, LTD.,<br><br>Defendants. | Case No. 1:25-cv-03600-WMR |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY

## <u>**TABLE OF CONTENTS**</u>

I.     INTRODUCTION ................................................................................1

II.    FACTUAL BACKGROUND ..............................................................2

    A.    Defendants Have No Ties to Georgia. ......................................2

    B.    Malikie Engages in Infringement Correspondence with Vantiva SA, With No Connection to Georgia. ...........................................4

    C.    Malikie and KPI Sue in EDTX; Vantiva USA Countersues Months Later in Georgia. ........................................................................5

III.   ARGUMENT ......................................................................................6

    A.    The Court Lacks Personal Jurisdiction Over Malikie and KPI. ............6

        1.    The Court Lacks General Personal Jurisdiction Over Malikie and KPI. ......................................................................6

        2.    The Court Lacks Specific Personal Jurisdiction Over Malikie and KPI. ......................................................................7

        3.    The Court Should Transfer or Dismiss the Action ...................14

    B.    Even if Jurisdiction Exists, This Declaratory Relief Case Should Be Dismissed Or Transferred Under the First-to-File Rule ......................14

IV.   CONCLUSION .................................................................................18

# TABLE OF AUTHORITIES

## Federal Cases

*Ambrosia Coal & Const. Co. v. Pages Morales*,
  368 F.3d 1320 (11th Cir. 2004) ..........................................................17

*Apple Inc. v. Zipit Wireless, Inc.*,
  30 F.4th 1368 (Fed. Cir. 2022) ..........................................................12

*Aque v. Home Depot U.S.A., Inc.*,
  629 F. Supp. 2d 1336 (N.D. Ga. 2009) .................................................9

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008) ..........................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................9

*Breckenridge Pharm., Inc. v. Metabolite Lab'ys., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) .............................................................7

*Carmouche v. Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) .............................................................7

*Commc'ns Test Design, Inc. v. Contec, LLC*,
  952 F.3d 1356 (Fed. Cir. 2020) ..........................................................15

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ..............................................................................6

*Daugherty v. Adams*,
  No. 1:16-CV-02480-LMM, 2017 WL 5484699 (N.D. Ga. Mar. 22,
  2017) ..............................................................................................14, 15

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
  737 F.3d 704 (Fed. Cir. 2013) ............................................................15

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22,
  2024) ......................................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)...............................................................................6

*Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*,
  43 F.4th 1303 (11th Cir. 2022) ..........................................................13

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
  256 F.3d 548 (7th Cir. 2001), *as amended* (July 2, 2001)..................13

*Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*,
  140 F.4th 1304 (11th Cir. 2025) ........................................................13

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) .........................................................11

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*,
  890 F.3d 995 (Fed Cir. 2018) ............................................................13

*Microchip Tech., Inc. v. United Module Corp.*,
  No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. July 7,
  2011) ..................................................................................................16

*Moore v. Cecil*,
  109 F.4th 1352 (11th Cir. 2024) ..........................................................7

*Radio Sys. Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011) .............................................................7

*Sec. & Exch. Comm'n v. Marin*,
  982 F.3d 1341 (11th Cir. 2020) .........................................................12

*Sexton v. Forefront Dermatology, P.C.*,
  No. 1:23-CV-05833-ELR-RDC, 2024 WL 6111895 (N.D. Ga.
  April 4, 2024)......................................................................................15

*Shaver L. Grp. LLC v. Concorde Inv., LLC*,
  No. 1:25-CV-00006-JPB, 2025 WL 2529764 (N.D. Ga. Aug. 25,
  2025) ....................................................................................................8

*Speculative Prod. Design, LLC v. Patel*,
  No. 1:23-CV-04716-JPB, 2024 WL 5185347 (N.D. Ga. Aug. 27,
  2024) ....................................................................................................7

*Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*,
    120 F.4th 864 (Fed. Cir. 2024) ...............................................................5

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009) ..........................................10, 11, 13

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ...........................................................6

*Zuru LLC v. Lego Sys., Inc.*,
    No. CV 19-131 DSF, 2019 WL 6998790 (C.D. Cal. July 22, 2019) .................16

**State Cases**

*Aero Toy Store, LLC v. Grieves*,
    631 S.E.2d 734 (Ga. App. 2006) ...........................................................8

**Federal Statutes**

28 U.S.C. § 1404(a) ...................................................................................5

28 U.S.C. § 1631 .......................................................................................14

**State Statutes**

O.C.G.A. § 9-10-91...................................................................................8

O.C.G.A. § 9-10-91(2)-(3).......................................................................10

O.C.G.A. § 9-10-91(2)-(6).........................................................................8

O.C.G.A. § 9-10-91(4)..............................................................................10

O.C.G.A. § 9-10-91(5)-(6).........................................................................10

**Rules**

Fed. R. Civ. P. 4(k)(2)................................................................1, 12, 13, 14

Fed. R. Civ. P. 12(b) ..................................................................................1

Fed. R. Civ. P. 12(b)(2)..............................................................................14

## I.    INTRODUCTION

The Court should dismiss this case or transfer it to the Eastern District of Texas for two independent reasons.  First, the Court has no personal jurisdiction over either Defendant.  Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations Ltd. ("KPI") are both Irish entities, neither of which has any presence in Georgia. Personal jurisdiction also cannot arise under Fed. R. Civ. P. 4(k)(2), which allows jurisdiction over a foreign defendant only if it is "not subject to jurisdiction in any state's courts." Rule 4(k)(2) does not apply because Defendants are subject to personal jurisdiction in Texas vis-à-vis a previously filed lawsuit Defendants brought against Plaintiff's parent (Vantiva SA) in the Eastern District of Texas in February 2025.

Second, Plaintiff's "forum shopping" should not be rewarded.[1]  Defendants sued Plaintiff's parent, Vantiva SA (a French corporation), on the same patents and involving the same products months before Plaintiff filed this retaliatory case.[2] Discovery in the Texas Action has been open and is ongoing, and the issues there overlap with the majority of issues pled here.  A trial date is also set in the Texas

---

[1] Defendants do not intend to waive their personal jurisdiction defenses by including this alternative basis for dismissal.  *See* Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

[2] *Malikie Innovations Ltd. and Key Patent Innovations Ltd. v. Vantiva SA f/k/a Technicolor SA*, 2:25-cv-00163-JRG-RSP (E.D. Tex. Feb. 10, 2025) ("Texas Action").

Action for roughly a year from now, on December 7, 2026, making resolution within sight.[3]  Well-established precedent dictates that this Court should either dismiss the action, transfer the second-filed action to the first-filed court or, at a minimum, stay the case pending resolution of the earlier filed action.

## II.    FACTUAL BACKGROUND

### A.    Defendants Have No Ties to Georgia.

Malikie and KPI, the sole Defendants in this action, are Irish entities based in Dublin.  Declaration of Angela Quinlan ("Quinlan Decl.") ¶¶ 3-4.  Neither company has employees or offices in Georgia or anywhere in the United States.  *Id.* ¶ 7. Malikie is the successor-in-interest to a substantial patent portfolio ("Malikie Patents") created by Blackberry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliated companies (collectively, "Blackberry"). *Id.* ¶ 10.  The Malikie Patents include the four patents-in-suit.  *Id.* ¶ 5.  KPI is the beneficiary of a trust in which Malikie owns and holds the Malikie Patents.  *Id.*  Blackberry is based in Waterloo, Ontario, Canada.  *Id*. ¶ 11.  It has offices around the world, including in Plano, Texas, which falls within the Eastern District of Texas.  *Id*.

The sole defendants here, Malikie and KPI, (1) are not registered to conduct

---

[3] Vantiva SA has moved to dismiss the Texas Action on personal jurisdiction grounds, but the case remains pending and active.

business in Georgia; (2) do not have a registered agent for service of process in Georgia; (3) do not have offices, employees, board members, contractors, equipment, bank accounts, or other assets in Georgia; (4) are not subject to and have never paid taxes in Georgia; (5) do not manufacture or sell products in Georgia; (6) have never granted a license of any Malikie Patent to an entity with a principal place of business in Georgia; (7) have not conducted live, in-person meetings in Georgia concerning any of its patents; and (8) do not own, lease, or rent any property in Georgia. Quinlan Decl. ¶ 7. Neither Malikie nor KPI have conducted any business with Plaintiff, Vantiva USA, or its parent, Vantiva SA, in Georgia. *Id.* ¶ 14. Moreover, neither Malikie nor KPI has enforced its legal rights against anyone in Georgia for any reason, including Vantiva USA. All of Malikie's and KPI's pending U.S. patent lawsuits for infringement of Malikie Patents are in federal courts in Texas and Washington, including the lawsuit against Plaintiff's parent, Vantiva SA, in the Eastern District of Texas. *Id.* ¶ 9.

Vantiva SA is a global technology company based in Paris and is the parent of Plaintiff, Vantiva USA. Defendants' Texas Action against Vantiva SA alleges infringement of the same four patents-in-suit here and relates to overlapping conduct at issue in this case. *See* Declaration of Matthew Berkowitz ("Berkowitz Decl."), ¶ 2 & Ex. A (EDTX Complaint). [4]

---

[4] All references to Exhibits refer to Exhibits to the Berkowitz Decl.

### B.    Malikie Engages in Infringement Correspondence with Vantiva SA, With No Connection to Georgia.

In May 2023, Malikie acquired rights to the patents-in-suit from Blackberry. Quinlan Decl. ¶ 10.  On February 20, 2024, Malikie sent a letter addressed to Olga Damiron, Corporate General Counsel of Vantiva SA, providing notification of the Malikie Patents.  Compl. ¶ 13; Ex. C.  Malikie sent a follow-up correspondence to Ms. Damiron on March 15, 2024.  Ex. D.  On June 10, 2024, September 5, 2024, and June 30, 2025, Malikie sent follow-up correspondence to Ms. Damiron, copying Karen Leisten, the then-general counsel of Vantiva SA. Compl. ¶¶14-16; Exs. E, F, G.  Additional follow-ups were also sent to Ms. Leisten on August 20, 2024, and to Ms. Damiron and Ms. Leisten on February 11, 2025.  Exs. H, I.

Malikie's parent and co-Defendant, KPI, contracts with an entity called Patent Platform Services ("PPS") to provide patent licensing consulting services to Malikie. Declaration of Kalpana Kumar ("Kumar Decl.") ¶ 4.  PPS has its principal place of business in Frisco, Texas. *Id.* ¶ 5.  PPS employees, including Ms. Kumar, who serves as PPS Chief Operating Officer, reside and work in Texas.  Ms. Kumar was copied on each correspondence between Malikie and Vantiva SA and was responsible for sending the August 20, 2024 and February 11, 2025 correspondences on Malikie's behalf.  Kumar Decl. ¶ 6; Exs. H, I.  No one from PPS, including Ms. Kumar, has conducted business with Vantiva SA or Vantiva USA in Georgia.

Vantiva SA did not respond to any of Malikie's communications.  Quinlan

Decl. ¶ 12.

### C.    Malikie and KPI Sue in EDTX; Vantiva USA Countersues Months Later in Georgia.

After a year without any response, on February 10, 2025, Malikie and KPI filed suit to enforce its intellectual property rights in Texas, where PPS is headquartered and where Blackberry maintains a U.S. office.  Quinlan Decl. ¶ 13; Berkowitz Decl. ¶ 3; Ex. A.  In the Texas Action, Malikie and KPI assert four patents against Vantiva SA, alleging infringement by certain products.  Ex. A.  The four patents-in-suit in the Texas Action are the same as the ones in this declaratory relief action.  Vantiva USA is not a party to the Texas Action.

In June 2025, Vantiva SA moved to dismiss the Texas Action, alleging the Texas court does not have personal jurisdiction and, in the alternative, requesting to transfer the case to this Court, pursuant to 28 U.S.C. § 1404(a).[5]  *See* Ex. B (Vantiva SA Motion to Dismiss).  On the same day, Vantiva SA's wholly owned subsidiary, Vantiva USA (Plaintiff here) filed this declaratory judgment action seeking declarations of non-infringement and unenforceability of the same four patents (Complaint Counts 2-9) and alleging Malikie breached its FRAND obligations by

---

[5] Vantiva SA's motion to dismiss remains pending.  *Malikie Innovations Ltd. et al. v. Vantiva SA f/k/a Technicolor SA,* Case No. 2:25-cv-00163, Dkt. 28 (E.D. Tex. June 27, 2025).

not offering Vantiva USA a license (Complaint Count 1)[6], but acknowledging that Malikie had made licensing offers to its parent, Vantiva SA.

## III.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Malikie and KPI.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  If the plaintiff meets the initial burden, and "the defendant challenges jurisdiction by submitting affidavit evidence," "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (citation and quotation omitted).  Thus, if the plaintiff fails to meet this burden (as it does here), the court lacks personal jurisdiction over the defendant.

#### 1.    The Court Lacks General Personal Jurisdiction Over Malikie and KPI.

Vantiva USA does not allege any facts supporting general personal jurisdiction over Malikie or KPI in Georgia because there are none.  *See generally*,

---

[6] A FRAND obligation refers to a commitment to license patented technologies that are essential to an industry standard on "Fair, Reasonable, and Non-Discriminatory" terms.    FRAND obligations are bilateral.    *See Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 120 F.4th 864, 867 (Fed. Cir. 2024) (holding that the duty to negotiate in good faith is reciprocal and part of the substance of the FRAND obligation); *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2024 WL 233222, at *3 (E.D. Tex. Jan. 22, 2024) (same).

Compl. ¶¶ 26-28.  General personal jurisdiction requires substantial, continuous, and systematic contacts with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  And the "paradigm all-purpose forums" for general jurisdiction for a corporate defendant are its place of incorporation and principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014).

These standards are not met here.  Both Malikie and KPI are Irish entities with their principal place of businesses in Ireland.  *See* Compl. ¶¶ 4-5; Quinlan Decl. ¶¶ 3-4.  Neither has substantial, continuous, and/or systematic contact with Georgia.  *See* Quinlan Decl. ¶ 7. These facts preclude a finding of general personal jurisdiction over Malikie or KPI.  *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.").

## 2. The Court Lacks Specific Personal Jurisdiction Over Malikie and KPI.

Vantiva likewise fails to allege facts to support specific personal jurisdiction over Malikie or KPI.  To determine whether a court has specific personal jurisdiction over a nonresident defendant requires a two-step inquiry: (1) whether the exercise of jurisdiction is appropriate under the state's long-arm statute; and (2) whether exercising jurisdiction comports with due process.  *Moore v. Cecil*, 109

F.4th 1352, 1362 (11th Cir. 2024); *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011).[7]  Vantiva USA fails to satisfy its burden on both steps.

### a)  Georgia's Long-Arm Statute Does Not Provide Personal Jurisdiction Over Defendants.

Vantiva USA has failed to allege any facts (because there are none) suggesting that Malikie or KPI has undertaken any activity that might afford Georgia jurisdiction under its long-arm statute.  This statute provides in part that:

> A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state . . . .

O.C.G.A. § 9-10-91.[8]  Under this first (and only arguably applicable) prong, "[a] nonresident is deemed to have 'transacted business' in the state 'if (1) [it] has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if

---

[7] In patent declaratory judgement actions, courts apply Federal Circuit law because the jurisdictional issue is intimately involved with the substance of patent law. *Breckenridge Pharm., Inc. v. Metabolite Lab'ys., Inc.*, 444 F.3d 1356, 1361-62 (Fed. Cir. 2006); *see also Speculative Prod. Design, LLC v. Patel*, No. 1:23-CV-04716-JPB, 2024 WL 5185347 (N.D. Ga. Aug. 27, 2024) (applying both Federal Circuit and regional circuit law in a declaratory judgment action and finding plaintiff failed to establish personal jurisdiction over defendants).

[8] As explained below, the remaining five prongs of the Georgia Long Arm statute are inapplicable on their face. *See* O.C.G.A. § 9-10-91(2)-(6).

the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.'" *Shaver L. Grp. LLC v. Concorde Inv., LLC*, No. 1:25-CV-00006-JPB, 2025 WL 2529764, at *4 (N.D. Ga. Aug. 25, 2025) quoting *Aero Toy Store, LLC v. Grieves*, 631 S.E.2d 734, 737 (Ga. App. 2006).

Vantiva USA's complaint lacks factual allegations suggesting Malikie or KPI transacted any business in Georgia that could satisfy the state's long-arm statute. This is for good reason: no such facts exist.  As substantiated by Ms. Quinlan, Malikie and KPI are Irish entities with their principal place of business in Dublin, Ireland.  Compl. ¶¶ 4-5; Quinlan Decl. ¶¶ 3-4. Neither Malikie nor KPI has U.S. employees.  Quinlan Decl. ¶¶ 6-7.  No board members for either entity reside in Georgia. *Id.*  Neither company is registered to conduct business in Georgia.  *Id.* Malikie and KPI have not filed any lawsuits in Georgia to enforce any legal rights. *Id.* ¶ 8.  No one from Malikie or KPI has come to Georgia for any business purpose. *Id*. ¶¶ 7-8.  Certainly, nothing about Vantiva USA's causes of action here arise from or is connected to any action in Georgia: Defendants have not interacted with Vantiva USA or its parent in this state in any manner.  *See id.* ¶ 14.

The complaint merely parrots the language of statutes and case law without substantiating them.  Compl. ¶ 26 (alleging personal jurisdiction is proper because "Malikie's activities in the forum, activities directed at the forum, and substantial contacts with the forum.  [And,] [t]he exercise of personal jurisdiction over Malikie

does not offend traditional notions of fair play and substantial justice."). Vantiva offers no facts or law in support. This is insufficient. *See Aque v. Home Depot U.S.A., Inc.*, 629 F. Supp. 2d 1336, 1342 (N.D. Ga. 2009) ("[A] wholly conclusory statement of a claim cannot, without more, survive a motion to dismiss."); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' ... and a formulaic recitation of the elements of a cause of action's elements will not do."). None of Vantiva USA's supporting allegations are relevant to Georgia. Rather, they relate to correspondence sent by or on behalf of Malikie to Vantiva SA, without touching Georgia. *See* Compl. ¶ 27; Quinlan Decl. ¶ 12.

The remaining prongs of the Georgia long-arm statute are inapplicable. Prongs 2 and 3 apply to tortious activity — none has been alleged. O.C.G.A. § 9-10-91(2)-(3). The Complaint seeks declaratory relief that four patents are invalid and have not been infringed as well as a cause of action for breach of FRAND obligations (a contract claim, *see* Compl. ¶ 34). Prong 4 applies if the defendant "[o]wns, uses, or possesses any real property situated within" Georgia. O.C.G.A. § 9-10-91(4). The Complaint does not allege Malikie or KPI own, use, or possess any property in Georgia — they do not. Quinlan Decl. ¶ 7. And, prongs 5 and 6 relate to domestic actions. O.C.G.A. § 9-10-91(5)-(6). As such, none of the Georgia long-arm statute applies to Defendants.

### b)     Personal Jurisdiction in Georgia Violates Due Process.

Exercising personal jurisdiction over Malikie and KPI in Georgia is also inconsistent with due process considerations.    Due process requires that: "(1) defendant has purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair."    *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009); *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (similar).    The third prong is analyzed through five factors: "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive policies."    *Touchcom*, 574 F.3d at 1417; *see also Louis Vuitton*, 736 F.3d at 1358 (similar).    None of these factors supports personal jurisdiction in Georgia.

The first two prongs do not apply because, as discussed, Malikie and KPI have not directed any activities to Vantiva USA in any manner, let alone in Georgia. Vantiva USA's claim, therefore, cannot arise out of those non-existent activities and must fail as a result. *See* Supra § II.B.    With respect to the third prong on reasonableness and fairness of requiring Malikie and KPI to litigate in Georgia: (1)

11

it is plainly burdensome on Malikie and KPI to be litigating this declaratory judgment suit in Georgia when it is already litigating against Vantiva SA over the same issues in EDTX; (2) Georgia has no unique interest in adjudicating this suit; (3) Vantiva USA could obtain the same relief in EDTX; (4) parallel related suits in different federal districts are not in the interest of the judicial system; and (5) there are no shared interests of substantive policy between Georgia and Texas.

Moreover, exercising jurisdiction over Malikie and KPI would violate due process because neither company could fairly foresee being haled into Georgia federal court by merely attempting to negotiate a license with Vantiva SA outside of Georgia. *See Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1374 (Fed. Cir. 2022) ("*Foreseeability . . . is critical to due process analysis*, and the Supreme Court has made clear that the focus is on whether a given defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (cleaned up, emphasis added)); *see also SEC v. Marin*, 982 F.3d 1341, 1349 (11th Cir. 2020) (due process is "designed to protect individuals by providing them with fair notice that their activities will render them liable to suit in a particular forum."). The lack of foreseeability is particularly apparent where Malikie and KPI have done no business with Vantiva USA or Vantiva SA in Georgia and are involved in litigation over the same patents in Texas, making them subject to jurisdiction there.

### c) Rule 4(k)(2) Does Not Provide Specific Personal Jurisdiction Over Defendants.

Vantiva USA's Complaint also alleges that Fed. R. Civ. P. 4(k)(2) gives this Court jurisdiction over Malikie and KPI.  Compl. ¶ 28.  Not so.  Under Rule 4(k)(2) "a district court may exercise personal jurisdiction over a defendant if '(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.'" *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1307 (11th Cir. 2022) (quoting Fed. R. Civ. P. 4(k)(2)); *see also M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed Cir. 2018).

Rule 4(k)(2) does not apply here because, under the first factor, Malikie and KPI are subject to personal jurisdiction in Texas, thus making exercising jurisdiction under this rule improper.  Indeed, "[a] defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *Touchcom,* 574 F.3d at 1414 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), *as amended* (July 2, 2001) and adopting the Seventh Circuit's analysis); *see also Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1315 (11th Cir. 2025) ("Rule 4(k)(2) allows courts to exercise personal jurisdiction over foreign defendants who have enough contacts with the United States, but not with a single state, to support personal jurisdiction.").

Courts in Texas have jurisdiction over Malikie and KPI because they have

engaged in "enforcement activities" in that state.  Quinlan Decl. ¶ 9; *see Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (the relevant inquiry is whether "the defendant patentee purposefully directed such *enforcement activities at residents* of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." (cleaned up, emphasis added)). Additionally, the pre-litigation licensing correspondence involved a PPS employee, Kalpana Kumar, operating in Texas, on Malikie's behalf. Kumar Decl. ¶¶ 4-6.

Accordingly, Vantiva USA's reliance on Rule 4(k)(2) fails.

### 3.  The Court Should Dismiss or Transfer the Action.

As there is no personal jurisdiction over Malikie and KPI, this case should be dismissed.  Alternatively, the lawsuit should be transferred to the Eastern District of Texas.  Under Section 1631 of title 28 of the US Code, whenever a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . .to any other such court . . .  in which the action . . . could have been brought at the time it was filed."   As explained above, the District Court for the Eastern District of Texas has personal jurisdiction over Malikie and KPI, making transfer appropriate.

### B.  Even if Jurisdiction Exists, This Declaratory Relief Case Should Be Dismissed, Transferred or Stayed Under the First-to-File Rule

If the Court finds there is personal jurisdiction over Malikie and KPI, it should still dismiss the case, transfer it to EDTX, or at a minimum stay it pending resolution

of the Texas Action under the first-to-file rule.[9]

Under the First Filed Rule, the case first filed should proceed and the second filed case should be transferred, dismissed, or stayed. "In the Eleventh Circuit, the First Filed Rule is the rule, not an exception." *Daugherty v. Adams*, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *9 (N.D. Ga. Mar. 22, 2017). "The three primary considerations for determining whether the first-to-file rule should be applied are: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Sexton v. Forefront Dermatology, P.C.*, No. 1:23-CV-05833-ELR-RDC, 2024 WL 6111895, at *3 (N.D. Ga. April 4, 2024). "[F]or the First Filed Rule to apply, the parties need not be identical. Instead, courts look to whether there are overlapping similarities." *Daugherty*, 2017 WL 5484699 at *12.

When one of the actions is "for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). And where the second-filed case is a declaratory judgment action, then the "district courts enjoy a double dose of discretion: discretion to decline to exercise jurisdiction over a

---

[9] Again, Malikie and KPI do not intend to waive their personal jurisdictional arguments and seek dismissal under the first-to-file rule only in the alternative in the event the Court denies their motion under Rule 12(b)(2).

declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (cleaned up).

Here, Malikie and KPI filed the Texas Action alleging infringement four-and-a-half months before Vantiva USA filed its declaratory judgment action in this Court. *Compare* Ex. A (showing EDTX action filed on February 10, 2025) *with* the Complaint (filed on June 27, 2025). And the two actions sufficiently overlap: the accused products will be the same, the four patents are the same, and the parties — while not identical — are similar. Malikie and KPI are parties to both: they are plaintiffs in the Texas Action and the defendants here. Vantiva USA is the plaintiff here and its parent entity, Vantiva SA, is the defendant in the Texas action.

Vantiva USA cannot escape the first-to-file rule simply because it is not itself a party to the Texas action. Vantiva USA's status as Vantiva SA's wholly owned subsidiary provides sufficient similarity between the parties of the actions for the rule to apply. *See e.g.*, *Zuru LLC v. Lego Sys., Inc.*, No. CV 19-131 DSF (AFMX), 2019 WL 6998790, at *1-2 (C.D. Cal. July 22, 2019) (rejecting argument that first-to-file rule did not apply because the cases were filed by different entities as "[e]xact identity of the parties is not required" and "[t]hough they are distinct entities, [the corporation] and [the] LLC are substantially similar for purposes of the first-to-file rule based on the evidence submitted by the parties. [The corporation] is the sole

16

member of [the] LLC."); *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at \*3 (N.D. Cal. July 7, 2011) (explaining although one plaintiff in the second-filed action "is not yet a party in the Texas Case, it is, in fact, a wholly owned subsidiary of [one of the defendants in the first-filed action], and presumably, may be added to the Texas Case").

The causes of action here also indisputably overlap with the Texas Action. Count 1 of Vantiva USA's complaint is a breach of contract claim predicated on Malikie's offers to license Vantiva SA, meaning Vantiva SA, therefore, can assert the same claim as a counterclaim in the Texas Action.[10]  Similarly, Counts 2-9 seek declaratory judgment of non-infringement by the same products at issue in the Texas Action and invalidity of the same four patents asserted there.[11]  Vantiva SA is expected to plead each as a defense in the Texas Action, and it can also counterclaim for the same declaratory relief.  Dismissing or transferring this case will allow one court to resolve the dispute and avoid duplicate actions.  *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) ("[W]hen multiple federal district courts might contemporaneously litigate concurrent jurisdictions…the general principle is to avoid duplicative litigation.") (citations omitted).

---

[10] *See* Compl. ¶¶ 30-37.  As noted *supra*, Vantiva SA filed a motion to dismiss and has not yet answered.  The motion is pending.

[11] Compl. ¶¶ 38-77.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grants this motion to dismiss this case, transfer it to Eastern District of Texas, or alternatively stay the case pending resolution of the Texas Action.

Dated: October 30, 2025          Respectfully submitted, [12]

*/s/ Christopher T. Giovinazzo*


Matthew G. Berkowitz (*pro hac vice pending*)
mberkowitz@reichmanjorgensen.com
**REICHMAN JORGENSEN LEHMAN
& FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

H. Lamar Mixson
Georgia Bar No. 514012
Christopher T. Giovinazzo
Georgia Bar No. 142165
**BONDURANT, MIXSON
& ELMORE, LLP**
1201 W Peachtree St NW
Suite 3900
Atlanta, GA 30309
Tel: 404-881-4100
mixson@bmelaw.com
giovinazzo@bmelaw.com

*Attorneys for Defendants*

---

[12] Pursuant to Local Rule 7.1D, counsel for Defendants certifies that this brief was prepared with a font and point selection approved in Local Rule 5.1.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

Dated: October 30, 2025

*/s/ Christopher T. Giovinazzo*
Christopher T. Giovinazzo
Georgia Bar No. 142165